**Kent J. ASHTON and Jacquelin R. Ashton, Petitioners**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

No. 04–1124.

United States Court of Appeals, District of Columbia Circuit.

May 16, 2006.

Rehearing En Banc Denied Aug. 17, 2006.

Kent J. Ashton, Concord, NC, pro se.

Jacquelin R. Ashton, Concord, NC, pro se.

Michael Jay Singer, Jonathan Heuer Levy, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SENTELLE, ROGERS, and GRIFFITH, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This petition for review of an order of the Federal Aviation Administration was considered on the briefs and appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing, as well as the motion for sanctions, the opposition thereto, and the reply, it is

**ORDERED AND ADJUDGED** that the petition be denied.

Petitioners' primary allegation is that the City of Concord, North Carolina, retaliated against them for protected First Amendment activity by denying them certain privileges at Concord Regional Airport. The FAA concluded (as it did in earlier proceedings involving the same parties) that the denial of privileges was based on the City's determination that petitioner Kent Ashton engaged in misconduct on airport premises. Because this conclusion was not " 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' " we deny the petition for review as to the petitioners' First Amendment retaliation claim. *Boca Airport, Inc. v. FAA*, 389 F.3d 185, 189 (D.C.Cir.2004) (quoting 5 U.S.C. § 706(2)(A)).

We reach the same conclusion with respect to the petitioners' three remaining claims. First, Kent Ashton was not convicted of any offense during FAA proceedings, so the protections associated with criminal proceedings were not required. *See Smith v. Doe*, 538 U.S. 84, 100, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003); *Hudson v. United States*, 522 U.S. 93, 103, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). Second, the FAA's standing analysis in this case was consistent with the analysis in *Skydance Helicopters, Inc. v. Sedona Oak–Creek Airport Auth.*, 2003 WL 1524500 (F.A.A. Mar.7, 2003) (Director's Determination). And third, there is no evidence that the FAA relied on the decision of the North Carolina Court of Appeals in *Ashton v. City of Concord*, 144 N.C.App. 722, 548 S.E.2d 850 (2001) (unpublished table decision). It is

**FURTHER ORDERED** that the motion for sanctions be denied. The record does not support the petitioners' claim that opposing counsel made false representations to this court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.